## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| GORDON FRANKLIN, JR., | Case No. 22-CV-2311 (ECT/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN, Rochester Medical Center, | |
| Respondent. | |

In 1991, petitioner Gordon Franklin, Jr., was civilly committed to the custody of the United States pursuant to 18 U.S.C. § 4246. *See United States v. Franklin*, 435 F.3d 885, 885-86 (8th Cir. 2006). Since that time, Mr. Franklin has challenged the validity of his detention through dozens of petitions for a writ of habeas corpus filed in this District and elsewhere in federal court. None of those petitions, so far as this Court can tell, have been successful in any way, and Mr. Franklin continues to be detained at the Federal Medical Center in Rochester, Minnesota.

This matter is before the Court on yet another of Mr. Franklin's habeas petitions—the fourth filed in this District over the past several weeks. *See also Franklin v. Warden*, No. 22-CV-2224 (ECT/TNL) (D. Minn. filed Sept. 12, 2022); *Franklin v. FMC Rochester*, No. 22-CV-2226 (MJD/LIB) (D. Minn. filed Sept. 12, 2022); *Franklin v. FMC Rochester*, No. 22-CV-2287 (WMW/DJF) (D. Minn. filed Sept. 19, 2022). Mr. Franklin's habeas petition is subject to initial review pursuant to Rule 4 of the Rules Governing Section 2254

Cases in the United States District Courts.[1]  After review, this Court concludes that the habeas petition should be summarily dismissed.

As an initial matter, Mr. Franklin's habeas petition—like many of the others that he has filed in federal court since 1991, *see, e.g.*, *Franklin v. Gunja*, No. 07-3150-CV-S-RED, 2007 WL 2302728, at *1 (W.D. Mo. June 4, 2007)—is nearly incomprehensible.  Even where the words written by Mr. Franklin can be read (some of the petition is illegible), long stretches of the habeas petition simply make no sense.  To the extent that this Court understands the petition at all, Mr. Franklin appears to be making two sets of claims.  First, Mr. Franklin contends that his commitment is unlawful because he has been detained entirely due to his exercise of constitutionally protected rights.  *See* Petition at 1-2.  Second, Mr. Franklin believes that the conditions of his confinement are unlawful, and he asks that the Court direct the government to provide him with "tobacco, pipe, cloth, lab top cell telephone" and various other items.  *Id.* at 5.

The first of these claims is now foreclosed by the abuse-of-the-writ doctrine.

> The concept of "abuse of the writ" is founded on the equitable nature of habeas corpus.  Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitles him to the relief he seeks, the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ.

---

[1] Franklin's habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition.  *See* Rule 1(b).

*Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality opinion) (quotation omitted). Mr. Franklin has had practically countless opportunities to challenge the legality of his 1991 commitment on constitutional grounds, and his continued attacks on the grounds of commitment amount to an abuse of the writ.[2]

The second of Mr. Franklin's claims—that the conditions of his continued confinement are unlawful—is simply not cognizable in a habeas proceeding. *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). A habeas petition is the appropriate procedural vehicle through which to challenge the *fact* of confinement or the appropriate *duration* of confinement, but not through which to challenge the conditions under which that confinement is carried out.

For those reasons, it is recommended that Mr. Franklin's habeas petition be summarily dismissed pursuant to Rule 4. Further, because it is recommended that this matter be summarily dismissed, it is further recommended that Mr. Franklin's pending application to proceed *in forma pauperis* [Dkt. No. 3] be denied. *See Kruger*, 77 F.3d at 1074 n.3.

---

[2] Even if the Court were to consider the merits of the claim, Franklin is simply incorrect that speech may not under any circumstances form part of the factual basis on which a commitment pursuant to § 4246 is effected—as the Eighth Circuit recognized in affirming an earlier revocation of Franklin's conditional release. *See Franklin*, 435 F.3d 885, 887-90 (8th Cir. 2006).

3

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Gordon Franklin, Jr. [Dkt. No. 1] be **SUMMARILY DISMISSED**.

2. Franklin's application to proceed *in forma pauperis* [Dkt. No. 3] be **DENIED**.

Dated: October 20, 2022        _s/ John F. Docherty_____
                               JOHN F. DOCHERTY
                               United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).